# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PROFESSIONAL BUSINESS SERVICES, INC., | ) ) ) | Case No. 01-50707 |
| | ) | |
| ROBERT PUMMILL, SUCCESSOR TRUSTEE of the BANKRUPTCY ESTATE OF PROFESSIONAL BUSINESS SERVICES INC., | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Adversary No. 06-4106 |
| AMCO INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Despite the creativity of the Trustee-Plaintiff's arguments against the Defendant's motion for summary judgment and in support of his own cross-motion for summary judgment, the sole issue presented in this adversary proceeding is fairly straightforward and uncomplicated. That issue is whether an insurance policy issued by the Defendant provides coverage for the Plaintiff's claim for damages for breaches of fiduciary duty committed by an officer of Professional Business Services, Inc., the Debtor in the underlying Chapter 7 case. Upon consideration of the uncontroverted facts, including the unambiguous language of the insurance policy, the Court finds that the policy does not provide coverage for the Plaintiff's claim. Therefore, the Defendant is entitled to summary judgment, and the Plaintiff is not.[1]

## STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

[1] The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

matter of law."[2] The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.[3] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or on mere assertions of disputed facts to defeat the motion.[4]

## BACKGROUND

For purposes of the cross-motions for summary judgment, the Court limits its consideration to the following undisputed facts:

1. Kathleen McConnell ("McConnell") was a shareholder, officer, and director of Professional Business Services, Inc. ("PBS") at all times between January 1, 2000 and August 10, 2001.

2. PBS performed accounting services for clients, including George L. Young, United Livestock Services, LLC, and United Producers, Inc.

3. McConnell, on behalf of Professional Business Services, Inc., applied for and obtained a policy ("Policy") of insurance issued by AMCO Insurance Company ("AMCO"), policy number ACPRAS 7150266483.

4. McConnell represented on the application that PBS was a corporation in the business of "office-accounting." McConnell estimated that PBS's annual business receipts were $2 million.

5. In section 5 of the application, McConnell "checked off" the following policy options:[5]

    a. "Business Liability Limit" of $300,000 per occurrence;

    b. theft coverage is to be included;

---

[2] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[3] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970).

[4] *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts").

[5] Emphasis added in 3.c. and 3.d.

        c.      professional liability coverage is <u>not</u> desired; and

        d.      employee dishonesty coverage is <u>not</u> desired.

6.    The Policy declaration page stated the following coverage:

        a.      "D – Business Liability" with a limit of $2 million per occurrence and $4 million in the aggregate;

        b.      "Fire Legal Liability" with a limit of $100,00 per occurrence;

        c.      "Medical Expenses" with a limit of $5,000 per occurrence.

7.    The Policy was in effect at all times relevant to the Plaintiff's claim.

8.    PBS filed bankruptcy on August 20, 2001.

9.    On August 15, 2003, Erlene Krigel ("Krigel"), the then chapter 7 trustee of the PBS bankruptcy estate, filed a five-count complaint (the "Fiduciary Duty Action") against Kathleen McConnell seeking (1) to avoid preferential transfers, (2) to avoid fraudulent transfers, (3) to recover property, (4) to preserve avoided transfers for the benefit of the estate, and (5) to recover damages arising from McConnell's breach of fiduciary duty to PBS.

10.   McConnell and Krigel entered into a stipulation whereby Krigel dismissed counts 1-4 and proceeded only on count 5 of the Fiduciary Duty Action. The stipulation further provided that any judgment entered against McConnell would be limited to a claim against any applicable insurance policies.

11.   On January 20, 2006, the United States Bankruptcy Court for the Western District of Missouri entered judgment against McConnell on count 5 of the Fiduciary Duty Action in the amount of $4 million. The judgment provided, *inter alia*, that "Kathleen McConnell was an Officer and Director of Professional Business Services, Inc. As such, she owed a duty of good faith and honesty in dealing with the Company, and she breached this duty on multiple occasions causing losses substantially in excess of $100,000,000."

12.   On April 6, 2006, the successor trustee for the Estate of PBS, Robert Pummill ("Trustee" or "Plaintiff"), filed a complaint ("Complaint") against AMCO and Allied Property and Casualty Insurance, asserting that the damages caused by McConnell's breaches of fiduciary duty to PBS were covered under the policies issued to PBS by those companies.

13.   On November 27, 2006, the Trustee dismissed Allied Property and Casualty Insurance Company from the Complaint.

      In addition to the facts set out above, the Trustee and the Defendant have offered the deposition testimony of several individuals in support of their respective interpretations of the Policy; however, all of that evidence is barred by the parol evidence rule, inasmuch as the Court finds the terms of the Policy unambiguous.

**DISCUSSION**

As noted above, the sole issue presented by the parties' cross-motions for summary judgment is whether the insurance policy issued by the Defendant provides coverage for the Trustee's claim. The claim at issue here is a $4 million judgment against McConnell for her breaches of fiduciary duty to PBS. Therefore, the Court must determine if the uncontroverted facts establish, as a matter of law, that the Policy covers damages arising from an officer's breach of fiduciary duty. The Defendant contends that several provisions of the Policy unambiguously exclude coverage for such claims. The Trustee's argument (to the extent the Court follows its leaps of logic) is that claims for breaches of fiduciary duty must be covered by the Policy because the Policy was issued to an accounting office and if the Policy is interpreted to exclude coverage for claims arising from breaches of fiduciary duty, which would (allegedly) constitute a "business liability" claim, then the Policy provided "essentially nothing arising in the course of AMCO's business . . . and cannot be construed to mean nothing."

Upon review of the Policy, the Court finds that the Defendant is correct – the Policy contains several provisions which exclude coverage for claims for breaches of fiduciary duty – and the Trustee's arguments are without merit and illogical.

The Defendant has identified, and the Court agrees, that there are at least three provisions in the Policy that exclude coverage of the Trustee's claim.

First, and most directly, the Trustee's claim is excluded from coverage by Section II of the Policy, under the heading, "**BUSINESS LIABILITY AND MEDICAL EXPENSES EXCLUSIONS**," which provides**:**

> 1. With regard to **BUSINESS LIABILITY** coverage, this insurance does not apply to:
>
> * * *
>
> u. **Fiduciary Responsibility**
>
> "Bodily injury" or "property damage" or "personal injury" arising out of the ownership, maintenance or use, including all related operations, of property in relation to which you or any insured is acting in any fiduciary or representative capacity.

The Trustee's claim here is for damages caused by McConnell's actions in her capacity as a fiduciary of PBS, so it is excluded under the unambiguous terms of this provision.

Second, the damages inflicted on PBS by McConnell's breaches of fiduciary duty are excluded from coverage by Section I of the Policy, under the heading, "Property Exclusions," and subheading, "Dishonesty," which provision excludes coverage for damages caused by "[d]ishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose other than tenants." The Policy does not define dishonesty, so the Court gives the term its ordinary meaning – "characterized by lack of truth, honesty, or trustworthiness."[6] The Trustee's claim is for McConnell's breaches of her fiduciary duty of good faith *and honesty*. So the claim is, by definition, a claim for damages caused by dishonest acts, and therefore is excluded under the express terms of the Policy.

Third, the Trustee's claim is excluded from coverage because it is a claim for purely economic damages. Section II of the Policy (under the heading "Coverage D - Business Liability") limits the Policy's coverage to "bodily injury," "property damage," "personal injury," and "advertising injury." The Trustee's claim for economic damages sustained by PBS plainly does not constitute bodily, personal, or advertising injuries, and under Missouri law purely economic damages do not qualify as "property damage."[7] Therefore, the Trustee's claim is excluded from coverage by the Policy's definition of covered injuries.

Thus, at least three provisions in the Policy unambiguously exclude coverage of the Trustee's claim for damages arising out of McConnell's breaches of her fiduciary duties to PBS.

The essence of the Trustee's counter-argument is that the Policy's exclusions for coverage for damages arising from McConnell's breaches of fiduciary duty are ineffective because the Policy purportedly provides coverage for such claims elsewhere in the Policy. Thus, the Trustee concludes, the Policy is ambiguous or "illusory," the exclusions are ineffective, and the Policy

---

[6] http://www.merriamwebster.com/dictionary/dishonest

[7] *See St. Paul Fire & Marine Ins. Co. v. Lippincott*, 287 F.3d 703, 704 (8th Cir. 2002); *Esicorp, Inc. v. Liberty Mut. Ins. Co.,* 266 F.3d 859, 862-63 & n.2 (8th Cir. 2001). *See also, Potomac Insurance Co. of Illinois v. Peppers*, 890 F.Supp. 634, 645 (S.D. Tex. 1995) (finding that the economic damages flowing from an officer and director's breach of fiduciary duty did not fall within the insurance policy's meaning of property damage).

should be interpreted to provide coverage for his claim. This argument has two flaws. First, despite the Trustee's contention otherwise, there is nothing in the Policy or the in the application for the Policy that purports to provide coverage for damages caused by an officer's breach of her fiduciary duty to the insured, PBS. The fact that McConnell identified PBS's business as "office–accounting" has no significance whatsoever to the coverage promised or provided. Second, the Court disagrees with the Trustee's assessment that the Policy, as interpreted by the Defendant, covers "essentially nothing arising in the course of AMCO's business . . . and cannot be construed to mean nothing." Without engaging in conjecture to determine the universe of claims covered by the Policy, the Court can safely determine that the Policy is not wholly illusory. Moreover, even if the Policy did, in fact, fail to provide coverage for any claim arising in PBS's business, the remedy would not be to reinterpret the Policy to provide coverage for any claim, but rather to award the insured a refund of the premiums paid for the policy.

## CONCLUSION

A fundamental tenet of insurance law is that the burden is on the insured to show that the policy affords coverage for the alleged actions of the insured.[8] Here, the representative of the insured, the Trustee, has failed to meet that burden, and, moreover, the Defendant-insurer has established as a matter of law that the terms of the Policy unambiguously exclude coverage for the Trustee's claim. Therefore, for the reasons stated above, it is

**ORDERED** that the Defendant's motion for summary judgment is hereby GRANTED. It is

**FURTHER ORDERED** that the Trustee's cross-motion for summary judgment is hereby DENIED. It is

**FURTHER ORDERED** that the Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment filed on March 26, 2007, is hereby DENIED as moot. It is

FURTHER ORDERED that the Trustee's Complaint be and is hereby DISMISSED with prejudice.

**SO ORDERED** this 24th day of April 2007.

---

[8] *See American States Ins. Co. v. Mathis*, 974 S.W.2d 647, 649 (Mo. Ct. App. 1998).

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
David A. Domina
Robert W. Cockerham